**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

JUDITH ANGUS-CHAMBERS,                               CASE NO.: 20-cv-61851

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

**DEFENDANT WAL-MART STORES EAST, LP' S NOTICE OF REMOVAL**

Defendant WAL-MART STORES EAST, LP ("Walmart"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE 20-013609, with full reservation of rights, exceptions and defenses, and in support thereof states:

**I. FACTUAL BACKGROUND**

1. On or about August 20, 2020, Plaintiff commenced this action by filing a Complaint against Walmart in the 17th Judicial Circuit Court in and for Broward County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2. The Complaint was served on August 21, 2020. *See* Service of Process attached as Ex. "B."

3. On or about August 26, 2020, Plaintiff filed an Amended Complaint. *See* Pl.'s Am. Compl. attached as Ex. "C."

4. On August 31, 2020, Walmart filed its Answer and Affirmative Defenses to the Amended Complaint. *See* Answer attached as Ex. "D."

CASE NO.: 20-cv-61851

5.      Plaintiff alleges a claim for negligence against Walmart as a result of injuries she allegedly sustained on August 10, 2019 while at the subject Walmart premises. *See* Ex. "C" at ¶6.

6.      Specifically, the Plaintiff alleges she "slipped and fell on a wet slippery substance on the floor." *Id*.

7.      Plaintiff alleges that Walmart her "injuries were due to Walmart's negligence in maintaining the premises so as to create and or allow a dangerous condition to exists [sic] on the premises, and by failing to remediate such dangerous condition." *Id*.

8.      Plaintiff alleges she is a resident of Broward County, Florida. *Id*. at ¶2.

9.      On or about February 7, 2020, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which indicated that Plaintiff has suffered injuries to her lumbar back, thoracic spine, left hip, left knee and cervical spine result of the incident. Based on Plaintiff's alleged injuries and medical bills incurred the Plaintiff offered to settle the claim for $233,000.00. *See* Pre-Suit Demand Letter attached as Ex. "E."[1]

10.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

11.     Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit in and for Broward County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "F."

---

[1] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Walmart will provide same for an *in camera* inspection.

CASE NO.: 20-cv-61851

12. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13. In accordance with 28 U.S.C. § 1446(b)(1), Walmart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on August 21, 2020, when Plaintiff served her Complaint.

14. Prior to service of Plaintiff's Complaint, Plaintiff sent Walmart a written pre-suit demand outlining Plaintiff's claimed damages inclusive of actual medical expenses in connection with her August 10, 2019 alleged incident.

15. Venue exists in the United States District Court for the Southern District of Florida, Broward Division, because the 17th Judicial District in and for Broward County, where Plaintiff filed her state court Complaint is located in Broward County Florida, which is located within the United States District Court for the Southern District of Florida, Broward Division.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

16. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

    A.  **Citizenship of JUDITH ANGUS-CHAMBERS**

17. Plaintiff is a resident of Broward County, Florida. *See* Ex. "C" at ¶2. Although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or

CASE NO.: 20-cv-61851

purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

18. Plaintiff alleges she is a resident of Broward County. *See* Ex. "C" at ¶2. Plaintiff's Broward County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz*, 2009 WL 1532129 at *3.

### B.    Citizenship of WAL-MART STORES EAST, LP

19. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the incident, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Amended Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Amended Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Amended Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Amended Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Amended Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "G."

CASE NO.: 20-cv-61851

## IV. AMOUNT IN CONTROVERSY

20.     The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.,* 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

CASE NO.: 20-cv-61851

23. The relevant portions of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Plaintiff's February 7, 2020 pre-suit demand letter estimates damages in the instant matter to be at least two hundred thirty-three thousand dollars ($233,000.00). *See* Ex. "D." In addition to Plaintiff's alleged medical condition, the Plaintiff's Amended Complaint alleges that Plaintiff's working ability is impaired, the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. *See* Ex. "C" at ¶23.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz*, 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's February 7, 2020 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id*.

26. Plaintiff's pre-suit demand letter which estimates Plaintiff's damages to be two hundred thirty-three thousand dollars ($233,000.00) is an honest assessment of her claimed damages as it is based on the following:

    a.    Plaintiff's past medical bills

    b.    future medical care. *See Katz*, 2009 WL 1532129 at 4.

    c.    Lost wages

    d.    Pain and suffering

CASE NO.: 20-cv-61851

27. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Walmart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE 20-013609, on the docket of the Court for the 17th Judicial Circuit in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Broward Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

CASE NO.: 20-cv-61851

By:    */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
CAROLINA M. QUINTANA
Florida Bar No. 96935
NICHOLAS G. NEVILLE
Florida Bar No. 123893

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of September, 2020, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF and will send a notice of electronic filing to the following: **Jermaine O'Neill Thompson, Esq.** (jthompson@jotlawfirm.net), Jermaine O'Neill Thompson, P.A., *Attorneys for Plaintiff*, 1620 W. Oakland Park Blvd., Suite 400, Oakland Park, Florida 33311.

*/s/ Christine M. Manzo*
CHRISTINE M. MANZO