# EXHIBIT "A"

# IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JUDITH ANGUS-CHAMBERS,

        Plaintiff,

v.

WALMART INC.,

        Defendant.

_____/

CIVIL DIVISION

CASE NO: CACE-20-013609

## COMPLAINT FOR MONEY DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, JUDITH ANGUS-CHAMBERS ("hereinafter referred to as "Plaintiff"), sues Defendant WALMART INC., ("hereinafter referred to as "Defendant") and alleges:

### PARTIES, JURISDICTION AND VENUE

1. This is an action in negligence seeking damages in excess of the jurisdictional minimum of this court, exclusive of interest and court costs.

2. Plaintiff, JUDITH ANGUS-CHAMBERS, is an individual over the age of eighteen (18) residing in Broward County, Florida.

3. Defendant, WALMART INC., is a foreign corporation duly conducting business in Broward County, Florida.

4. Venue is proper in Broward County, as the cause of action accrued in Broward County, Florida.

5. This Honorable Court has jurisdiction over this cause and the parties hereto.

### FACTUAL BACKGROUND

6. On or about August 10, 2019, Plaintiff, an invitee and or patron, lawfully upon the premises of Defendant, Walmart, store #3625, located at 3001 N. State Road 7, Lauderdale Lakes, FL 33313, who Defendant owed a duty to exercise reasonable care for his safety. On or about the aforementioned date, Defendant owned and or was lessee of the subject premises. While upon the

premises, Plaintiff slipped and fell on a wet slippery substance on the floor. Plaintiff's injuries were due to Defendant's negligence in maintaining the premises so as to create and or allow a dangerous condition to exists on the premises, and by failing to remediate such dangerous condition.

## COUNT I
## NEGLIGENCE

7. Plaintiff re-alleges and incorporates, as if fully set forth herein, each and every allegation as stated in paragraphs 1 through 6.

8. Defendant was negligent in that it had a duty to remediate and or warn Plaintiff of the dangers posed by the dangerous condition of the premises that might cause harm to Plaintiff, and to maintain the premises in a safe condition. Defendant, through its agents, servants, or employees negligently, carelessly or recklessly failed to warn, clean, maintain, and or prevent the harm that occurred to Plaintiff while on the premises and as a result Plaintiff suffered grievous bodily injuries.

9. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the premises, thus creating a negligent or dangerous condition to the public, including the Plaintiff;

b. Negligently failing to inspect or adequately inspect the premises to determine whether there was hazard or dangerous condition to patrons and/or invitees, including Plaintiff;

c. Negligently failing to inspect or adequately warn Plaintiff of the dangerous and or unsafe condition of the premises, whether Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous;

2

    d.    Negligently failing to take reasonable protective measures and/or remedy the dangerous and/or unsafe condition of the premises, when the unreasonably dangerous condition occurred with regularity and was therefore foreseeable;

    e.    Negligently failing to remedy or adequately remedy the unreasonably dangerous condition and or unsafe condition of the premises when said condition was either known to Defendant or had existed for such a sufficient length of time such that Defendant should have known of the condition if Defendant exercised reasonable care.

10.    As such, the Defendant has actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.

11.    As a direct and proximate result of Defendant's negligence, Plaintiff was injured in and about her body and extremities, suffered associated pain, incurred medical expenses in the treatment of the injuries, suffered physical handicap, which impaired Plaintiff's ability to work. Plaintiff was caused to suffer and will in the future be caused to suffer a loss of the ability to lead an ordinary life; and will be caused to suffer in the future a loss of earnings, and earning capacity; and was caused and will in the future be caused to undergo medical care and treatment for the injuries sustained. The injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future. Furthermore, where there is no finding of permanent injury, the Plaintiff is entitled to applicable medical expenses and lost gross income and earning capacity not payable from any other collateral source, pursuant to applicable law.

12.    At all times material hereto, the injuries sustained by the Plaintiff has exceeded all applicable thresholds in the State of Florida.

3

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages and the court costs of this action, and such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, in accordance with Rule 1.430, Florida Rules of Civil Procedure, requests a jury trial of all issues so triable.

JERMAINE O'NEILL THOMPSON, P.A.
*Attorney for Plaintiff*
1620 W. Oakland Park Blvd., Ste. 400
Oakland Park, Florida 33311
Telephone:     (954) 437-4657
Facsimile:     (954) 606-5288

BY: /s/ Jermaine Thompson
_____
Jermaine Thompson, Esq.
Florida Bar No.: 0010913

4